IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lisa Blackman Speach, ) | |
| ) | C.A. No. 6:22-884-HMH-KFM |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Bon Secours Health System, Inc., ) | |
| a/k/a Bon Secours St. Francis, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court on the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff Lisa Blackman Speach ("Speach") alleged claims of race discrimination, retaliation, harassment, and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (Compl., generally, ECF No. 1.) Defendant Bon Secours Health System, Inc. ("Bon Secours") filed a motion for summary judgment on November 3, 2022. (Mot. Summ. J., ECF No. 32.) Speach filed a response in opposition on December 8, 2022. (Resp. Opp'n, ECF No. 36.) Bon Secours filed a reply on December 27, 2022. (Reply, ECF No. 44.) Further, Speach filed a sur-reply on January 11, 2023. (Sur-Reply, ECF No. 47.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On December 16, 2022, Speach filed a motion to compel. (Mot. Compel, ECF No. 43.) Bon Secours filed a response to the motion to compel on January 3, 2023, opposing Speach's motion on the ground that the information sought was not relevant as it related to events that took place more than 300 days before Speach filed her EEOC charge. (Resp. Opp'n Mot. Compel, ECF No. 45.) However, subject to its objections, Bon Secours agreed to produce certain documents "to avoid any further time taken by the Court on Discovery issues." (Id. 3, ECF No. 45.)

On February 10, 2023, Magistrate Judge McDonald filed the Report and Recommendation recommending that the district court grant Bon Secours' motion for summary judgment and deny as moot Speach's motion to compel. (R&R, ECF No. 48.) First, with respect to her hostile work environment claim, the magistrate judge recommends finding that "a reasonable jury could not conclude that the unwelcome conduct of which the plaintiff complains was sufficiently severe or pervasive to create an abusive work environment." (Id. 19, ECF No. 48.) Second, for the same reasons, the magistrate judge recommends granting summary judgment on her constructive discharge claim. (Id. 20-21, ECF No. 48.) Third, with respect to Speach's retaliation claim, the magistrate judge recommends granting summary judgment because no "reasonable jury could find that the plaintiff would not have received th[e] written warning but for the defendant's retaliation." (Id. 24, ECF No. 48) Lastly, with respect to her racial discrimination claim, the magistrate judge recommends finding that Speach has not presented any evidence that the actions she complained of were adverse. (Id. 25, ECF No. 48.) Speach filed timely objections to the Report and Recommendation.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

2

review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Speach's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate her claims.  Speach objects that she needs additional time to respond to the Report and Recommendation because Bon Secours has not provided documents that she has requested.  A review of the record reveals that Bon Secours has produced voluminous documents.  Further, in response to her motion to compel that was filed on December 16, 2022, more than two months after the discovery deadline, Bon Secours, while preserving its objections on the basis of relevance, produced additional documents in an effort to resolve the motion.  Speach has all of these documents in her possession.

Speach generally alleges that she has "not received the emails from Ron Eskew[,] the director of the practice."  (Objs. 2, ECF No. 51.)  However, she attaches emails from Ron Eskew to her objections.  Further, she speculates that there may be a recording that she has not received, although she "recall[s]" that Bon Secours' counsel "didn't think that the conversations [we]re recorded."  (Id., 2, ECF No. 2.)  Pursuant to the scheduling order, the discovery deadline expired on October 11, 2022, and a timely motion for summary judgment was filed on November 3, 2022.  Speach has had ample time for discovery in this case, and there is no basis for any further discovery or delay.  Based on the foregoing, after a thorough review, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

3

Therefore, it is

**ORDERED** that Bon Secours' motion for summary judgment, document number 32, is granted. It is further

**ORDERED** that Speach's motion to compel, document number 43, is denied as moot.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
March 1, 2023

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.